**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:20-CR-00119-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **DUSTIN JAMOND SAVOIE (01)** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM ORDER**

Before the Court is a Motion to Reduce Sentence [Doc. No. 51] pursuant to 18 U.S.C. § 3582(c)(2) filed by Defendant, Dustin Jamond Savoie ("Savoie"). The United States of America ("the Government") filed a response [Doc. No. 55]. For the reasons set forth herein, Savoie's Motion is **DENIED**.

## I. BACKGROUND

On December 18, 2020, Savoie plead guilty to possession of a firearm by a convicted felon ("Count I") and possession with intent to distribute marijuana ("Count II").[1] On April 7, 2021, Savoie was sentenced to 120 months on Count I and 60 months, consecutive on Count II, for a total of 180 months.[2] Savoie did not appeal his sentence. On June 26, 2026, Savoie filed the pending Motion.[3] In his Motion, he requests a reduction of sentence based upon retroactive Amendment 821 to the Federal Sentencing Guidelines.[4]

The issues have been briefed, and the Court is prepared to rule.

[1] [Doc. No. 29].
[2] [Doc. No. 48].
[3] [Doc. No. 51].
[4] [Id.].

## II. LAW AND ANALYSIS

In Part A of Amendment 821 of the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in Section 4A1.1(e). The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

After this amendment, a person who otherwise presents 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2. A person who otherwise presents 6 criminal history points or fewer receives no status points.

Under the amended provision as applied, Savoie would now receive one status point for a total of 19 criminal history points. However, Savoie's criminal history category remains level VI. Therefore, Savoie's advisory imprisonment guideline range is unchanged—151-181 months.

Courts follow a two-step approach in determining whether to reduce a defendant's sentence pursuant to a retroactive United States Sentencing Guideline amendment. *Dillon v. United States*, 560 U.S. 817, 827 (2010). The first step is to determine the defendant's eligibility for a sentence modification and the extent of the reduction authorized. *Id*. The second step is to consider any 18 U.S.C. § 3553(a) factors and determine whether, in the court's discretion, the reduction authorized by

reference to the relevant policies is warranted in whole or in part under the particular circumstances of the case. *Id*.

**A. Step One**

At step one, the Court finds, consistent with the Government's concession, that Savoie is eligible for the reduction. The application results in a reduction of Savoie's criminal history points but does not change the guideline range. Savoie's guideline range at the time of sentencing was 151-188 months, based on a total criminal history score of 20 (Category VI).[5] Applying the retroactive amendment, Savoie's criminal history score would be lowered to 19, which would still be Category VI. Therefore, Savoie's guideline range would still be 151-188 months.

**B. Step Two**

In the second step, the Court finds that while Savoie is eligible for a reduction, the 18 U.S.C. § 3553(a) factors do not support reducing his sentence. The "grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary." *United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998).

In this case, Savoie has a substantial criminal history—he was convicted of eight felonies and six misdemeanors, many being drug-related. In the instant arrest, when law enforcement attempted to stop Savoie, he accelerated to speeds of more than 110 miles per hour in an attempt to flee.[6] After being "boxed in" by a state

[5] [Doc. No. 38, ¶ 53].
[6] [Id. at ¶ 10].

trooper and two Lincoln parish deputies, Savoie rammed the three vehicles.[7] Additionally, Savoie has had the following disciplinary actions in prison:[8]

December 1, 2023—Being in an unauthorized area;
August 14, 2025—Use of drugs/alcohol;
April 16, 2026—Use of drugs/alcohol; and
May 12, 2026—Use of drugs/alcohol.

As set out above, Savoie's guidelines range does not change with the application of the Amendment.

Accordingly, the Court, in its discretion, finds that 18 U.S.C. § 3553(a) factors do not warrant a sentence reduction.

## III. CONCLUSION

For these reasons,

**IT IS ORDERED** that Defendant Dustin Jamond Savoie's Motion to Reduce Sentence [Doc. No. 51] is **DENIED**.

MONROE, LOUISIANA, this 18th day of September 2026.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

[7] [Id. at ¶ 15].
[8] [Doc. No. 54, p. 4].